IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| MICHAEL GLENN FULLER, | * | CRIMINAL NO.  CCB 08-cr-0599 |
| | * | |
| Defendant | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States of America, by and through its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Clinton J. Fuchs, Assistant United States Attorney for said district, respectfully submits this Opposition to Defendant's Motion to Suppress Evidence, and in support, submits the following:

**I.  Background**

On June 23, 2008, at approximately 9:13 p.m., officers of the Baltimore Police Department responded to a call from a concerned citizen about a reckless driver in the vicinity of the 1100 block of Orleans Street in Baltimore, Maryland.  Upon arriving at the scene, the officers were met by the concerned citizen who reported that she had been driving on Interstate 695 at Liberty Road when she was nearly struck by a 2009 Hyundai Sonata, with a Pennsylvania license plate of GSW7052. The concerned citizen further reported that she had followed the Hyundai into Baltimore City, and had watched as the Hyundai hit a curb, blew out its front tire, and come to stop in the 1100 block of Orleans Street.  The concerned citizen identified a Hyundai Sonata parked nearby as the car that she had been following.

1

As the officers approached the Hyundai, they detected the strong smell of alcohol emanating from the vehicle and they observed that the driver of the vehicle, later identified as the Defendant, Michael Fuller, was attempting to start the car. The officers asked Mr. Fuller to exit the car, however, Mr. Fuller ignored their request and continued to attempt to start the vehicle. When the officers again requested that Mr. Fuller exit his car, they received only a slurred response. Believing that Mr. Fuller was intoxicated, one of the officers opened the driver's side door of the vehicle, and, with the help of two other officers, attempted to remove Mr. Fuller from the car. As they did so, an officer standing next to the passenger side of the car observed a handgun in the middle console. Mr. Fuller was then quickly removed from the car and the firearm was secured. Mr. Fuller was subsequently placed under arrest and transported from the scene.

The handgun in the center console of the Hyundai was recovered and identified as a Versa, .38 caliber handgun, serial number 235397. Also recovered from Mr. Fuller's vehicle were several beer bottles (one full). Although officers were unable to perform a field sobriety test at the scene (due to Mr. Fuller's inability to stand), his blood alcohol concentration was later tested and found to be .18.

## II. Argument

Mr. Fuller has moved to suppress any evidence recovered subsequent to his arrest on June 23, 2008, arguing that his arrest was not supported by probable cause. For the following reasons, the Defendant's motions should be denied:

**A.    The Decision to Stop Mr. Fuller's Vehicle Was Lawful**

A decision to stop an automobile is reasonable where a police officer has probable cause

to believe a traffic violation has occurred, regardless of how minor the traffic offense may be. *See Whren v. United States*, 517 U.S. 806, 810 (1996); *Delaware v. Prouse*, 440 U.S. 648, 659 (1979); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977); *United States v. Hassan El*, 5 F.3d 726, 729 (4th Cir. 1993).

In the case at hand, a concerned citizen at the scene reported to the police officers that Mr. Fuller's car, which she identified, had nearly struck her car as she was driving on Interstate 695 and that she had observed him driving recklessly as she followed him into Baltimore City. As officers approached to investigate, they observed Mr. Fuller trying to start the car and detected the strong smell of alcohol emanating from the vehicle. Given these facts, the officers had probable cause to believe that a traffic violation (either reckless driving in violation of Maryland Transportation Code, Title 21, Section 901 or Driving While Under the Influence of Alcohol in violation of Maryland Transportation Code, Title 21, Section 902) had occurred. Accordingly, a stop of the vehicle by the police officers was reasonable.

**B.  The Decision to Remove Mr. Fuller From the Car Was Lawful**

Once a vehicle has been lawfully detained, even for a traffic violation, the police may order the driver out of the vehicle without violating the Fourth Amendment. *Ohio v. Robinette*, 519 U.S. 33, 38-39 (1996). Here, insofar as the stop of Mr. Fuller's vehicle was lawful given the probable cause to believe a traffic violation had occurred, the officers' decision to order Mr. Fuller out of the car was lawful.

**C.  The Arrest of Mr. Fuller was Lawful**

A police officer may effectuate the warrantless arrest of a person if the officer has probable cause to believe, based upon the totality of circumstances, that a felony is being

committed or has been committed. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983).  Similarly, an officer is permitted to arrest an individual without a warrant if that person has committed a misdemeanor in the arresting officer's presence. *Maryland v. Pringle,* 540 U.S. 366, 354 (2001).

Here, a police officer standing outside of Mr. Fuller's car observed a handgun, in plain view, inside of Mr. Fuller's vehicle.  As the Maryland Criminal Code makes it a crime for a person to "wear, carry, or knowingly transport a handgun, whether concealed or open, in a vehicle traveling on a road or parking lot generally used by the public, highway, waterway, or airway of the State," Maryland Code, Criminal Law, § 4-203, the officers' decision to arrest Mr. Fuller was justified.

**D.  The Search of Mr. Fuller's Vehicle Was Lawful**

The search of the Defendant's vehicle was lawful under any of three legal theories.  First, under the "automobile exception" to the search warrant requirement, a warrantless search of a readily mobile vehicle is permitted where there is probable cause to believe that the vehicle contains contraband,. *Maryland v. Dyson,* 527 U.S. 465, 466 (1999); *United States v. Brookins*, 345 F.3d 231, 238 (4th Cir. 2003).  Here, there was clearly probable cause to believe that the vehicle contained contraband (the firearm) and, therefore, a search of the vehicle and the seizure of the weapon were lawful.

Second, pursuant to the Supreme Court's recent decision in *Arizona v. Gant*, when the occupant of a vehicle is lawfully arrested, the passenger compartment of the vehicle may be searched without a warrant when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search. *Gant*, 129 S.Ct. 1710, 1719 (2009).  In the case at hand, Mr. Fuller was arguably under arrest at the time he was being removed from the

car.  As Mr. Fuller remained unsecured and within reachable distance of the car's interior for some amount of time, the search and seizure of the firearm incident to Mr. Fuller's arrest was proper under *Gant*.

Finally, *Gant* also provides that police officers may search a car without a warrant when it is reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle.  *Id*; *see also Thornton v. United States,* 541 U.S. 615, 621-624 (2004).  Here, a police officer observed a handgun, in plain view, in the center console of Mr. Fuller's vehicle.  As it was clearly reasonable to believe that evidence relevant to the crime of arrest (the firearm) might be found in the vehicle, the search of the passenger compartment and the seizure of the firearm were justified.

### III.  Conclusion

Therefore, given that the police officers had probable cause to stop and subsequently arrest Mr. Fuller and given that the subsequent search of the car was justified under either the "automobile exception" to the warrant requirement, as a search incident to Mr. Fuller's arrest or because it was reasonable to believe that evidence relevant to the crime of arrest might be found in the car, Mr. Fuller's motion to suppress evidence should be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

          By: _____/s/_____
          Clinton J. Fuchs
          Assistant United States Attorney
          36 South Charles Street
          Fourth Floor
          Baltimore, Maryland 21201
          (410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

 Lisa Lunt
 Assistant Federal Public Defender
 6411 Ivy Lane
 Suite 710
 Greenbelt, Maryland 20770-4510