FILED: June 28, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4880
(1:08-cr-00599-CCB-1)

UNITED STATES OF AMERICA

　　Plaintiff - Appellee

v.

MICHAEL GLENN FULLER

　　Defendant - Appellant

JUDGMENT

　　In accordance with the decision of this court, the judgment of the district court is affirmed.

　　This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

　　　　　　　　　　　　　　　/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 10-4880

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICHAEL GLENN FULLER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:08-cr-00599-CCB-1)

---

Submitted: June 17, 2011                  Decided: June 28, 2011

---

Before SHEDD, AGEE, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Clinton J. Fuchs, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Glenn Fuller appeals his conviction for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Fuller argues that the district court erred by excluding as irrelevant evidence of his intoxication and by instructing the jury that voluntary intoxication is not a defense to a § 922(g)(1) offense. He also asserts that the firearm's manufacture in another state did not establish a sufficient interstate commerce nexus. We affirm.

Fuller first asserts that the district court erred by excluding as irrelevant expert testimony regarding intoxication because such testimony would have rebutted the knowing element of the offense. Federal courts have recognized that possession of a firearm after a felony conviction is a general intent crime. See, e.g., United States v. Moran, 503 F.3d 1135, 1144 n.6 (10th Cir. 2007); United States v. Brown, 367 F.3d 549, 556 (6th Cir. 2004). Because voluntary intoxication is a defense only to specific intent crimes, courts agree that the defense does not apply to the general intent crime in § 922(g)(1). United States v. Williams, 403 F.3d 1188, 1194 (10th Cir. 2005) (citing cases).

Our review of the record leads us to conclude that the proposed testimony from the defense expert regarding the effect of intoxication on a defendant's mental state was not relevant

2

to whether Fuller knowingly possessed the firearm.[1] See Fed. R. Evid. 401 (defining relevant evidence). Thus, the district court did not abuse its discretion by excluding that testimony. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); United States v. Myers, 589 F.3d 117, 123 (4th Cir. 2010) (stating standard of review).

Next, Fuller claims that the district court's instruction regarding the unavailability of a voluntary intoxication defense to a § 922(g)(1) offense was not a correct statement of the law.[2]

> A refusal to give a requested theory of defense instructions is reversible error only if the instruction (1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with some point in the trial so important that the failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

---

[1] Although Fuller claims that his extreme intoxication could render physical possession unknowing so that a defense could exist "if the defendant were comatose and the evidence indicated someone dropped the gun in his lap," United States v. Reed, 991 F.2d 399, 401 (7th Cir. 1993), the facts of his case do not fall within that limited exception.

[2] Fuller notes that one circuit court has held that proof of constructive possession requires specific intent. See United States v. Newsom, 452 F.3d 593, 606 (6th Cir. 2006). However, no other circuit has adopted that approach. United States v. King, 632 F.3d 646, 654 n.7 (10th Cir. 2011); see United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005) (stating that there is no "distinction between actual and constructive possession insofar as the intent requirement is concerned").

3

United States v. Green, 599 F.3d 360, 378 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010) (internal quotation marks omitted). Because voluntary intoxication is no defense to knowing possession of a firearm, Fuller's proposed voluntary intoxication instruction was not a correct statement of the law. We therefore conclude that the district court did not abuse its discretion in refusing to give the requested instruction. See id. at 377 (stating standard of review).

Finally, Fuller asserts that, absent additional evidence, the fact that the firearm had traveled in interstate commerce at some point did not establish a sufficient nexus, rendering the evidence insufficient on that element of the offense. Fuller's counsel admits, however, that this claim is foreclosed by circuit precedent. See United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

FILED: June 28, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4880,   US v. Michael Fuller
1:08-cr-00599-CCB-1

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petiton applies must be listed on the petiton to identify the cases to which the petiton applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for ehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandat issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).